UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TYLER AARON EHRMAN,<br><br>　　　　Defendant. | Case No.  21-cr-00204-VC-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPRESS**<br><br>Re: Dkt. No. 29 |

　　　　Ehrman has moved to suppress statements he made during an investigatory stop because the officer failed to read him his *Miranda* rights. The government argues there was no violation because Ehrman was not "in custody." Although it is a close question, Ehrman has the better argument. But because some of Ehrman's statements were made in response to questions that fall within the public-safety exception to *Miranda*, the motion to suppress is only granted in part.

　　　　1. "*Miranda* warnings are necessary even during a *Terry* stop if the suspect has been taken into custody or if the questioning otherwise takes place in a police dominated or compelling atmosphere." *United States v. Bautista*, 684 F.2d 1286, 1291 (9th Cir. 1982). Whether a suspect is "in custody" for *Miranda* purposes is a fact-specific inquiry with two parts. For starters, if a reasonable person in the circumstances would have felt free to terminate the encounter and leave, they are not in custody. But even if they are not free to leave, a person is only "in custody" if there is a "restraint on freedom of movement of the degree associated with a formal arrest." *United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009) (quoting *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002)). This inquiry requires a court to consider the totality of the circumstances, including: "(1) the language used to summon the individual; (2) the

extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." *United States v. Mora-Alcaraz*, 986 F.3d 1151, 1156 (9th Cir. 2021) (quoting *United States v. Kim*, 292 F.3d at 974).

The fact that Ehrman was in handcuffs during this interaction, while not dispositive, weighs heavily in favor of a finding of custody. Handcuffs are, after all, "a hallmark of a formal arrest." *United States v. Newton*, 369 F.3d 659, 676 (2d Cir. 2004). "Thus, a reasonable person finding himself placed in handcuffs by the police would ordinarily conclude that his detention would not necessarily be temporary or brief and that his movements were now totally under the control of the police—in other words, that he was restrained to a degree normally associated with formal arrest and, therefore, in custody." *Id.*; *see also United States v. Louangamath*, 2021 WL 5989756, *4 (E.D. Cal. Dec. 17, 2021); *United States v. Henley*, 984 F.2d 1040, 1042 (9th Cir. 1993). Officer Chaloner further emphasized his physical control over Ehrman's movements by suggesting that he would send his dog after Ehrman if he attempted to leave ("Don't walk away or run, [because] I don't want my dog to have to do my running for me.") and by taking Ehrman's phone.

Other aspects of the interaction support a finding of custody as well. Most notably, throughout the course of the stop, Ehrman was continually confronted with evidence of his guilt (e.g., "You walked away from a collision!"; "You are supposed to be detained. . . . I'm investigating the crime."; "Come on man, you've been around the block. Let's just stop the games."). Of course, the interaction took place on a public street and was relatively short. These facts may weigh against custody. Still, the totality of the circumstances supports a finding that Ehrman was in custody and therefore should have been advised of his *Miranda* rights before being interrogated.

2. The government has stated that it only seeks to admit Ehrman's statements denying ownership of the backpack. There is no question that these statements flowed from an interrogation, as each statement was offered in response to "express question[s]" asked by

2

Chaloner. *Rhode Island v. Innis*, 446 U.S. 291, 300–301 (1980). The statements therefore presumptively fall within *Miranda*'s scope. However, two of the statements were offered in response to questions concerning the safety of the officer. Chaloner twice asked Ehrman whether there was anything he "should be concerned about" in the backpack. These questions "stemmed from an objectively reasonable need to protect [the officer] from immediate danger." *United States v. Williams*, 842 F.3d 1143, 1150 (9th Cir. 2016) (quoting *United States v. Carrillo*, 16 F.3d 1046, 1049 (9th Cir. 1994)). As the Ninth Circuit has held, an officer may ask a suspect whether there is anything dangerous (like needles) in a bag or pocket before conducting a search. *See United States v. Carrillo*, 16 F.3d at 1049. That Ehrman's answer to one of these questions was unresponsive to the safety issue makes no difference.

The other statements, however, do not fall within the scope of this exception. Ehrman's responses to Chaloner's questions about his ownership of the bag ("That's your backpack, right?" and "So if I understand you correctly, you were carrying this, but it's not yours?") are therefore suppressed.

**IT IS SO ORDERED.**

Dated: February 9, 2022

_____
VINCE CHHABRIA
United States District Judge